(26 Misc. Rep. 435.)

KERNOCHAN v. BALLANCE.

(Supreme Court, Special Term, New York County.   February 21, 1899.)

RECEIVERS—ATTORNEY'S FEES.

A receiver's attorney, being paid all his expenses and disbursements, should not be allowed for his services a sum to exceed one-third of the proceeds of sale of the assets in the receiver's hands, though the services are intrinsically worth a larger sum.

Action by James P. Kernochan against William A. Ballance.  A receiver was appointed, and he moves for a confirmation of his account.   Granted.

H. N. Webber, for the motion.
Goepel & Raegener, opposed.

GILDERSLEEVE, J.   The motion is made by the receiver for an order confirming his account, and discharging him from his receivership.   Objection is taken to his recommendation or request to pay his attorney a further fee of $75.   The property covered by the receivership consisted of an engine, which was sold by permission of the court for $300, which is the total sum collected by the receiver.   In addition to all the disbursements of the attorney in connection with the receivership, the fee of $90 has already been paid him by the receiver. After deducting the expenses of the receivership, including the sums so paid to the attorney, and the legal commissions of the receiver of $15, there remains in the latter's hands the sum of $164.92.   Out of this balance the receiver asks to be authorized to pay his attorney a further sum of $75, in which case the expenses of the receivership would eat up all but $89.92 of the $300 realized by the sale of the receivership property.   While it may be that the services rendered by the attorney are intrinsically worth more than $90, still, under the circumstances disclosed in this case, I do not think the court would be justified in allowing a larger sum.   The attorney has already received nearly one-third of the entire receivership property, besides being paid all his expenses and disbursements at the figures presented by himself.   This is about all that he can be said to be entitled to receive.

The motion to confirm the receiver's account is granted, with the exception that his attorney must receive nothing in addition to the sums already paid him.